**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-02428-STV

ALONZO MARLOW,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

**ORDER**

---

Chief Magistrate Judge Scott T. Varholak

This matter is before the Court on Plaintiff's Dispute Concerning the Certificate of Review Requirements in the Instant Case (the "Motion"). [#89] The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##31, 32] The Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in ruling on the Motion. For the following reasons, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Alonzo Marlow brings a medical negligence claim against the United States of America under the Federal Tort Claims Act ("FTCA") seeking $400,000 in damages. [#85] Plaintiff alleges that while imprisoned at the Federal Bureau of Prisons' ADX facility in Florence, Colorado, the medical staff was negligent in providing him with

proper medical treatment. [*Id.*] Plaintiff filed this suit on September 3, 2024. [#1] He filed the currently operative Complaint on December 23, 2025. [#85]

As explained below, under Colorado law, proceeding in Colorado state courts, Plaintiff would have been required to file a certificate of review from a licensed medical professional within sixty days, unless the Court granted an extension for good cause. Colo. Rev. Stat. § 13-20-602. Plaintiff was granted an extension in this case, and has yet to provide a certificate. [*See*, *e.g.*, ##72, 73] Through the Motion, Plaintiff disputes the applicability of Colorado's certificate of review requirement to actions proceeding in federal court, arguing that under the Supreme Court decision in *Berk v Choy,* 607 U.S. 187 (2026), Colorado's certificate of review requirement does not apply in federal court because it conflicts with Federal Rule of Civil Procedure 8. [#89] Defendant argues that *Berk* does not apply in FTCA claims, and moves for dismissal in the event that Plaintiff does not provide a certificate by the deadline set by the Court. [#93] Plaintiff has filed a reply in support of his Motion. [#95]

## II. ANALYSIS

The FTCA outlines circumstances in which the United States waives its sovereign immunity, allowing plaintiffs to bring certain civil actions against the government. Under 28 U.S.C. § 1346(b)(1), the United States may be held liable when a private person in like circumstances would be liable "in accordance with the law of the place where the act or omission occurred." *Id*. Here, Plaintiff sues the United States for medical negligence. [#85] The question this case presents is whether Plaintiff must comply with Colorado's certificate of review statute as he would have been required if this case proceeded in Colorado state courts.

Colorado Revised Statute § 13-20-602 states that a plaintiff bringing a professional negligence action must file a certificate of review indicating that a professional has been consulted, has reviewed known facts and records, and has found that the negligence claims do not lack substantial justification. The failure to file such a certificate will result in dismissal of the complaint. Colo. Rev. Stat. § 13-20-602(4). This statute serves to "expedite the litigation process in cases filed against licensed professionals and to prevent the filing of frivolous actions in this area." *Martinez v. Badis*, 842 P.2d 245, 251 (Colo. 1992).

In contrast to Section 13-20-602, Federal Rule of Civil Procedure 8 establishes the pleading standard for civil actions in federal court. Under Rule 8, a plaintiff is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). According to Plaintiff, Section 13-20-602 conflicts with Rule 8 and thus should not apply to actions proceeding in federal court. [#89 at 3]

The Rules of Decision Act instructs federal courts to apply state law as rules of decision in civil actions unless federal statutes, such as the Constitution or Acts of Congress, require otherwise. 28 U.S.C. § 1652. The landmark Supreme Court ruling in *Erie R.R. Co. v. Tompkins* further clarified that federal courts are to apply substantive state law while following federal procedural law. 304 U.S. 64, 78 (1938). The Supreme Court has explained that *Erie's* twin aims are to discourage "forum-shopping" and avoid "inequitable administration of the laws." *Hanna v. Plumer*, 380 U.S. 460, 468 (1965).

Historically, federal judges in Colorado have held that the certificate-of-review requirement under Section 13-20-602 is applicable in federal court. Since 1996, *Trierweiler v. Croxton & Trench Holding Corp.* has served as the governing case

regarding Section 13-20-602's applicability in Colorado. 90 F.3d 1523 (10th Cir. 1996). In *Trierweiler*, the plaintiff brought negligence claims against several professional defendants after losing a $1.2 million investment he had made in Croxton and Trench Holding Corporation. *Id.* at 1530-32. The plaintiff alleged that he relied on faulty legal opinions and an audit prepared by the defendants when deciding to make his investment. *Id.* The district court dismissed the plaintiff's negligence claims for failure to comply with Colorado's certificate of review requirement. *Id.* at 1532. The plaintiff then challenged the dismissal on appeal, arguing that Colorado's certificate of review statute is procedural and therefore is not applicable in federal courts under the *Erie* doctrine. *Id.* at 1538.

On appeal, the Tenth Circuit evaluated Section 13-20-602's applicability based on the framework established by "*Erie* and its progeny." *Id.* at 1539. The court's analysis explicitly answered two questions: (1) whether the state law conflicts with a federal procedural rule, and (2) whether applying the state law would promote *Erie*'s twin aims. *Id.* at 1539-41. With respect to the first question, the court decided that the Colorado statute did not directly conflict with a federal rule according to the framework established in *Hanna. Id.* at 1540. The court reasoned that in order for a federal rule—namely Rule 11—to exclude Section 13-20-602 from applying in diversity cases, the scope of the rule must be "'sufficiently broad' to cause a 'direct collision' with the state law or, implicitly, to 'control the issue' before the court, thereby leaving no room for the operation of [the state] law." *Id.* at 1539-40 (quoting *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987), *in turn quoting Walker v. Armco Steel Corp.*, 446 U.S. 740, 749 (1980) and *Hanna,* 380 U.S. at 471-472). The court concluded that while both Section 13-20-602 and Rule 11 were

designed "to weed unjustifiable claims out of the system," they "d[id] not collide. *Id.* at 1540.

In response to the second question, the court found that applying the certificate of review requirement would promote the twin aims of *Erie*: discouragement of forum-shopping and avoidance of inequitable administration of the law. *Id.* at 1540-41. The panel reasoned that by excluding the certificate of review requirement in federal courts, plaintiffs may seek to bring their claims in federal court as opposed to state court in order to avoid additional pleading requirements. *Id.* at 1541. For these reasons, the court ruled that Colorado's certificate of review requirement is applicable in federal courts. *Id.* And since *Treierweiler*, the Tenth Circuit has held that Section 13-20-602 applies to the exact situation presented here—professional negligence claims brought against the United States under the FTCA. *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004).[1]

Since these decisions, however, the Supreme Court has clarified its *Erie* analysis. In 2010, the Supreme Court issued its decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). The Court explained that when deciding whether a state law applies in federal court, if there is a federal rule that regulates procedure, then "the substantive nature of [state] law, or its substantive purpose, makes no difference."

[1] The Court of course recognizes that a "district court in the Tenth Circuit is bound by Tenth Circuit precedent." *United States v. Carloss*, No. 23-CR-086-JFH, 2023 WL 5152623, at *1 (E.D. Okla. Aug. 10, 2023) (quotation omitted). Nonetheless, "a district court has an obligation to follow the Supreme Court where an intervening decision of that Court directly or implicitly reverses Tenth Circuit precedent." *Id.* (quotation omitted). And while "a district court must be extremely careful in concluding that circuit precedent is no longer good law," it may "deviate from such authority where it is powerfully convinced that the circuit will overrule itself at the next available opportunity." *Id.* (quotation omitted). For the reasons outlined herein, in light of *Berk*, the Court is powerfully convinced that the Tenth Circuit will deviate from the rationale of *Trierweiler* and *Hill* at its next opportunity.

*Id.* at 1444 (emphasis omitted). The Court's ruling thus diminished any consideration regarding the substantive value of a state law if a federal rule is already found to control the issue. Although this ruling undermined *Trierweiler's* reliance on the substance of the state law, courts in this district continued to rely upon *Trierweiler* as controlling authority. *See*, *e.g.*, *Reynolds v. United States*, No. 22-cv-02055-NYW-NRN, 2024 WL 4165449, at *4 (D. Colo. Sept. 12, 2024); *Krum v. Chubb Ltd.*, No. 20-CV-03616-RM-GPG, 2022 WL 1558883, at *3 (D. Colo. Jan. 10, 2022).

And then came *Berk*. In *Berk*, the plaintiff brought medical malpractice claims against a physician and the hospital where the physician practiced. 607 U.S. at 190. The plaintiff alleged that while being treated for an ankle fracture, the defendants were negligent in providing proper care, which led to worsening of the initial injury. *Id.* Because the plaintiff and the defendants were residents of different states, the plaintiff brought the claim in the United States District Court for the District of Delaware under diversity jurisdiction. *Id.* Delaware law requires that in any suit involving medical negligence claims against medical professionals, the plaintiff must provide an affidavit-of-merit. *Id.* (citing Del. Code, Tit. 18, § 6853(a)(1)). The plaintiff failed to file the required affidavit and the district court dismissed the matter. *Id.* at 191.

On appeal, the Supreme Court held that Section 6853 directly conflicted with the pleading standard set in Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 194. The Court reasoned that Rule 8 "sets a ceiling on the information that plaintiffs can be required to provide about the merits of their claims." *Id.* According to the Court, by "requiring no more than a statement of the claim, Rule 8 establishes 'implicitly, but with unmistakable clarity,' that evidence of the claim is not required." *Id.* at 193 (quoting *Hanna*, 380 U. S. at

470). Thus, because Rule 8 covers the scope of pleading requirements, Delaware's affidavit-of-merit requirement could not be applied in federal civil actions.[2] *Id.* at 194-98.

In reaching this conclusion, the Court rejected various arguments made by the defendants. First, the defendants argued that the certificate "is a document separate from the 'pleading'" and that Rule 8 only applied to "pleading[s]." *Id.* at 194. The Court rejected this interpretation, concluding that additional evidentiary requirements at the outset of litigation, "whether in the 'pleading' itself or on a separate sheet of paper attached to it," conflict with the ceiling set by Rule 8. *Id.* at 195.

The *Berk* defendants also argued that, under Rule 11, which states that "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit," Delaware's affidavit-of-merit requirement constituted a statutory exception. *Id.* at 197. The Court rejected this notion. *Id.* at 198. According to the Court, Rule 11 governs the standard for attorneys (or pro se litigants) during the pleading stage to certify that a claim has proper factual and legal bases, and has nothing to do with affidavits from third parties. *Id.*

Finally, the *Berk* defendants argued "that determining whether a Rule is valid under the Rules Enabling Act requires asking a second question: whether the displaced state law is substantive." *Id.* at 199 (emphasis omitted). The Court disagreed. *Id.* According to the Court, it "rejected that approach eight decades ago." *Id.* And the Court once again "underscore[d]" what it had said in *Shady Grove*, "that 'the substantive nature of [a state]

[2] The Court noted one potential exception—where the federal rule that answers the question "exceeds statutory authorization or Congress's rulemaking power." *Id.* at 192 (quoting *Shady Grove*, 559 U.S. at 398). The Court addresses this in more detail below.

law, or its substantive purpose, *makes no difference*.'" *Id.* (emphasis in original) (quoting *Shady Grove*,559 U.S. at 409).

Following *Berk*'s decision in January 2026, federal courts in Colorado have found that additional pleading requirements not listed under the Federal Rules do not apply in federal court. *See Qazi v. USA*, No. 24-cv-01481-PAB-CYC, 2026 WL 2582212, at *2-4 (D. Colo. Sept. 1, 2026) (Section 13-20-602 does not apply to an FTCA claim brought in federal court); *JRW Family Ltd. P'ship LLLP v. Bluffs Owner LLC*, No. 25-cv-02961-CNS-KAS, 2026 WL 1758210, at *2-4 (D. Colo. June 18, 2026) (applying *Berk* to a motion seeking leave to assert exemplary damages, concluding that Colorado's additional pleading requirements under Colo. Rev. Stat. § 13-21-102(1.5)(a) do not apply in federal court); *McCormick v. HRM Resources, LLC,* 835 F. Supp. 3d 1181, 1186-91 (D. Colo. 2026) (same). Indeed, Judge Brimmer applied *Berk* to the exact situation here—an FTCA negligence suit against the United States in which the United States asserted that the plaintiff must file a Section 13-20-602 certificate of review. *Qazi*, 2026 WL 2582212, at *2-4. The Court agrees with these decisions.

The Court is not persuaded by Defendant's attempt to distinguish *Berk*. According to Defendant, *Berk* was a diversity case and its rationale should not apply to Plaintiff's FTCA claim. [#93 at 7] Defendant argues that the FTCA "only waives sovereign immunity 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred'" [*Id.* at 8 (quoting 28 U.S.C. § 1346(b)(1))] Defendant thus argues that by not requiring the plaintiff to provide a certificate of review in this case, the United States would be liable to a higher degree than a private person in like circumstances. [*Id.* at 8-9] Furthermore,

Defendant claims that even if this distinction in the FTCA is not exactly precise about how the like-circumstances standard applies, any ambiguities regarding the scope of the United States' waiver of sovereign immunity must be read "in favor of immunity." [*Id.* at 9 (quoting *FAA v. Cooper*, 566 U.S. 284, 290 (2012)).

The Court is not persuaded. Although it is true that the United States may only be held liable under circumstances in which a private person would be liable in accordance with the law of that state, Defendant overreads this section of the FTCA. The FTCA's like-circumstances distinction is a limitation on the Government's waiver of sovereign immunity, not a procedural doctrine imposed to limit federal courts in FTCA claims. The FTCA establishes the circumstances in which a claim may be brought against the United States, not the procedural rules for how the case itself must proceed. And while Plaintiff may not have to meet Section 13-20-602's heightened procedural requirements to initiate his claim, he will still need to satisfy the same evidentiary requirements to prove his claim as if he had proceeded in a Colorado court. In other words, the United States will not be subject to *liability* any differently than it "would be *liable* to [Plaintiff] in accordance with the law of [Colorado]." 28 U.S.C. § 1346(b)(1) (emphasis added). Thus, the fact that Plaintiff asserts an FTCA claim does not distinguish this case from *Berk*. *Quazi*, 2026 WL 2582212, at *3 (collecting cases for the proposition that *Berk* extends to FTCA cases).

Accordingly, the Court concludes that *Berk* extends to Plaintiff's FTCA claim. As a result, Rule 8 governs Plaintiff's pleading requirements and Plaintiff need not file a Section 13-20-602 certificate of review.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Dispute Concerning the Certificate of Review Requirements in the Instant Case [#89] is **GRANTED** and Plaintiff need not file a Section 13-20-602 certificate of review. The matter is set for status conference on October 15, 2026, at 2:45 p.m.

DATED: September 22, 2026

BY THE COURT:

s/Scott T. Varholak
Chief United States Magistrate Judge